IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH PAGAN, on behalf of himself, | : | CIVIL ACTION |
| and all others similarly situated, | : | |
| | : | |
| Plaintiff, | : | NO.  08-0751 |
| | : | |
| v. | : | |
| | : | |
| THE NEW WILSON'S MEATS, INC., | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**<u>MEMORANDUM</u>**

Giles, J.                                                                 August 19, 2008

## I.    INTRODUCTION

Before the court is Defendants The New Wilson's Meats Inc. ("New Wilson's), Wilson's

Famous Blue Ribbon Meats, Inc. ("Wilson's Famous") and Dean Kanefsky's Motion to Dismiss

Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1]

On January 23, 2008, Plaintiff, on behalf of himself and a class of discount meat/grocery

store employees employed by Defendants, filed a class action complaint against defendants New

Wilson's, Wilson's Famous, Wilson's Outlet II, Inc. ("Wilson's II), Dean Kanefsky ("D.

Kanefsky") and Leonard Kanefsky ("L. Kanefsky") in the Court of Common Pleas of

Philadelphia County. Plaintiff alleges that he and the Class were employed by Defendants, and

that Defendants underpaid and/or failed to pay him for worked performed, in violation of the Fair

---

[1] In their Motion, Defendants indicate that in the alternative to their 12(b) claims, they seek summary judgment under Rule 56.  For the reasons detailed below, the court declines to treat any portion of the Motion to Dismiss as a Motion for Summary Judgment.

Labor Standards Act, ("FLSA"), 29 U.S.C.A. §§ 201, et seq., the Pennsylvania Minimum Wage Act of 1968 ("MWA"), 43 P.S. §§ 333.101, et seq., and the Pennsylvania Wage Payment Collection Law ("WPCL"), 43 P.S. §§ 260.1, et seq.  Defendants removed this case to federal court on February 15, 2008.  Two of the defendants, Outlet II and L. Kanefsky, filed an Answer and Counterclaim (Docket No. 2).  There has not yet been a motion to certify the proposed class.

The remaining defendants, New Wilson's, Wilson's Famous and D. Kanefsky, filed this Motion to Dismiss.  Defendants argue that Plaintiff's claims against New Wilson's and Wilson's Famous should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) on the basis that Plaintiff lacks standing to bring these claims.  In addition, Defendants argue that Plaintiff's claims against D. Kanefsky should be dismissed pursuant to Rule 12(b)(6) because there exist no grounds to assert personal liability against him as a corporate officer.

II.     **DISCUSSION**

        A.      Motion to Dismiss pursuant to Rule 12(b)(1)

                1.      Standard of Review

Defendants New Wilson's and Wilson's Famous challenge Plaintiff's standing, and therefore this court's subject-matter jurisdiction, under Fed. R. Civ. P. 12(b)(1).  A challenge to standing under Rule 12(b)(1) may take two forms: a facial challenge or a factual challenge.  If a facial challenge is made, the trial court is restricted to a review of the allegations of the complaint and any documents referenced therein.  Gould Electronics Inc. v. United States, 220 F.3d 169, 177 (3d Cir. 2000.)  Further, "the trial court must consider the allegations of the complaint as true."  Mortensen, 549 F.2d at 891.

If the challenge before the trial court is a factual challenge, the court does not accord any presumption of truth to the allegations of plaintiff's complaint.  Turicento, S.A. v. American Airlines Inc., 303 F.3d 293, 300 (3d Cir. 2002).  In a factual challenge, the plaintiff bears the burden of persuasion to show that subject-matter jurisdiction exists, and the court must weigh the evidence relating to jurisdiction.  Id.  "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims."  Mortensen, 549 F.2d at 891.  In weighing the evidence regarding jurisdiction, the court has the "discretion to allow affidavits, documents, and even limited evidentiary hearings."  Id. (citations omitted).

Here, although Defendants do not state whether their challenge is facial or factual, they attach to their motion, and make reference in their arguments to, the affidavit of D. Kanefsky and Howard A. Drosser, so it appears that they intend to bring a factual challenge.  (See Defs.' Mem. Supp. Mot. Dismiss, Exs. B-C.)  In their opposition, Plaintiff also treats Defendants' challenge as a factual challenge.

The procedural posture of this case, however, prohibits the court from treating Defendants' challenge to standing as a factual challenge.  The Third Circuit has clearly stated that a "12(b)(1) factual evaluation may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed."  Mortensen, 549 F.2d at 891-92 (emphasis added).  "A factual jurisdictional proceeding cannot occur until plaintiff's allegations have been controverted."  Id. at 892 n.17; see also Lexington Ins. Co. v. Forrest, 263 F. Supp.2d 986, 996 (E.D. Pa. 2003); Holland Constr., Inc. v. Kopko, Civil No. 2007-127, 2007 U.S. Dist. Lexis 9142, *6 (D.V.I. Dec. 7, 2007).  Defendants New Wilson's and Wilson's Famous have not

filed an answer in this case, and the only defendants who did file an answer, Wilson's II and L. Kanefsky, did not, and could not, controvert Plaintiff's allegations as to New Wilson's and Wilson's Famous.  As a result, at this point in the proceedings, the court cannot consider Defendants' challenge to standing as a factual challenge.

The court will proceed to analyze 12(b)(1) challenge as a facial challenge, and therefore, may only consider the allegations of the complaint and any documents referenced therein.  See Gould Electronics, 220 F.3d at 177 (citing Mortensen, 549 F.2d at 891).

      2.      The allegations of Plaintiff's complaint are sufficient to weather Defendants' facial challenge of Plaintiff's standing.

Under Article III of the U.S. Constitution, the jurisdiction of federal courts is limited to the resolution of "cases and controversies."  See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006) (citing Valley Forge Christian Coll. v. Ams. United for Separation of Church & States, Inc., 454 U.S. 464, 471 (1982)); U.S. CONST. art. III § 2.  A component of this restriction is that a "litigant have standing to challenge the action sought to be adjudicated in the lawsuit."  Talliferro, 458 F.3d at 188 (citing Valley Forge Christian Coll., 454 U.S. at 471).  In the absence of standing, "a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed."  Id.

Standing requires the following elements:

> (1) the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant and not the

result of the independent action of some third party not before the
court; and (3) it must be likely, as opposed to merely speculative,
that the injury will be redressed by a favorable decision.

Society Hill Owner's Ass'n v. Rendell, 210 F.3d 168, 175-76 (3d Cir. 2000) (citing Lujan v.

Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

Defendants do not articulate which element of standing it is that Plaintiff arguably lacks.

Plaintiff alleges in his complaint that he was "employed by Defendants to work in Philadelphia,

Pennsylvania, as a discount meat/grocery store employee . . . ." (Compl. ¶ 9.)  Plaintiff alleges

that at all relevant times to this action, Defendants were "employers" of Plaintiff and the Class,

as that term is defined by the MWA, the WPCL and the FLSA.  (Id. ¶ 20.)  It is further alleged

that Plaintiff's claims are typical of the claims of the class "because they are all hourly paid

discount meat/grocery store employees of the Defendants who sustained damages as a result of

Defendants' common policies and practices."  (Id. ¶ 23.)  Plaintiff alleges that Defendants have

engaged in the following unlawful conduct: (1) required Plaintiff to work more than eight hours

per day, forty hours per week; (2) required Plaintiff to work some hours "off the clock" with no

record of hours worked; (3) paid Plaintiff in cash for overtime hours, and at the regularly hourly

wage rather than time and one-half pay for overtime; (4) deducted time for breaks Plaintiff had

not taken; (5) failed to keep true and accurate records of the time Plaintiff worked; and (6)

maintained a policy of not compensating Plaintiff at the overtime rate of one and one half times

the regular hourly rate for overtime hours worked.  (Id. ¶¶ 37-47.)  Plaintiff alleges that he has

not been paid all wages to which he is entitled, in violation of the three cited statutes.  (See, e.g.,

id. ¶¶ 54-55.)

Having considered the allegations of the complaint as true, and construing them in favor of the non-moving party, the court finds that Plaintiffs have made sufficient allegations to comply with the Rule 8(a)(1) requirement to show that this court has subject-matter jurisdiction. See Mortensen, 549 F.2d at 891.  Therefore, the court must deny Defendants' facial challenge of Plaintiff's standing in the 12(b)(1) Motion to Dismiss.

This denial of Defendants' 12(b)(1) Motion is without prejudice to Defendants' renewal of a motion to dismiss for lack of subject-matter jurisdiction following their filing of a answer to Plaintiff's complaint.  Should Defendants bring a factual challenge to subject-matter jurisdiction at that time, the court will, upon motion, allow for limited discovery to be taken as necessary for the parties to fully present their arguments as to subject-matter jurisdiction.  In addition, if the court deems necessary, it will hold a limited evidentiary proceeding on the issue of subject-matter jurisdiction.

In their arguments in support of their challenge to standing, Defendants state that discovery and a hearing before on the issues concerning jurisdiction the court are "welcome."  As such, the court will not consider Defendants' 12(b)(1) motion to dismiss as a motion for summary judgment at this time.  This is without prejudice to any future motion for summary judgment filed by any party.

B.      Motion to Dismiss claims against D. Kanefsky under Rule 12(b)(6)

1.      Standard of Review

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), courts must "'accept all factual allegations as true, construe

the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff maybe entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  To withstand a motion to dismiss under Rule 12(b)(6), "'[f]actual allegations must be enough to raise a right of relief above the speculative level.'"  Phillips, 515 F.3d at 234 (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)).  Thus, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element."  Id.

Defendants have attached two affidavits as exhibits to their Motion for the court's consideration, and they specifically reference the affidavit of D. Kanefsky in their arguments for dismissal under Rule 12(b)(6).  The court "has discretion to address matters outside the complaint when ruling on a motion to dismiss."  Pryor v. National Collegiate Athletic Ass'n, 288 F.3d 548, 559-60 (3d Cir. 2002).  A trial court is not obligated to address matters outside the complaint.  In its determination of this 12(b)(6) motion the court will not exercise its discretion to consider any matters outside the complaint.  To the extent that the attached exhibits concern matters outside of the complaint, they are excluded.  Therefore, the 12(b)(6) motion is not converted into a motion for summary judgment under Rule 12(d), which provides that "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).

2.      Plaintiff's complaint sufficiently pleads that D. Kanefsky is an "employer" under the FLSA, MWA and WPCL.

Defendants argue that D. Kanefsky, a corporate officer of defendant Outlet II, cannot be found to be individually liable for Outlet II's alleged violations of the FLSA, MWA, and WPCL. Defendants contend that D. Kanefsky can only be liable as a "employer" under the FLSA, MWA and WPCL if he exercised operational control over Outlet II.  Defendants do not dispute that an individual corporate officer may be liable as an employer under the FLSA, MWA, and WPCL under certain circumstances.  Instead, relying upon an affidavit of D. Kanefsky, they argue that he did not exercise operational control over Outlet II, and that Plaintiff's complaint therefore fails to state a claim against D. Kanefsky.  By relying on documents not attached to the complaint or referenced therein, Defendants do not argue that Plaintiff's complain fails to state a claim upon which relief can be granted.  Because this is a 12(b)(6) motion, the court cannot consider the affidavit of D. Kanefsky, or Defendants' arguments referencing that evidence, in its analysis.

Under the FLSA, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  Although the Third Circuit has not specifically outlined a standard for determining whether a "person" is an "employer" under the FLSA, it has stated that in determining whether an individual is an "employee" under the FLSA, courts must look to the "economic realities of the relationship."  Martin v. Selker Bros., Inc., 949 F.2d 1286, 1293 (3d Cir. 1991).  This court finds that, to determine whether a "person" is an "employer" under the FLSA, it is also necessary to look at the "economic realities of the relationship."  Because the FLSA defines an "employer" in relation to an "employee", the six-factor economic reality test used by the Third Circuit in determining whether an individual is an

"employee" is relevant, although not determinative, as to whether a "person" is an "employer."

These factors are:

> 1) the degree of the alleged employer's right to control the manner in which the work is performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; 4) whether the service rendered requires a special skill; 5) the degree of permanence of the working relationship; 6) whether the service rendered is an integral part of the alleged employer's business.

Martin, 949 F.2d at 1293. The court finds that the first factor is of critical importance to a determination of whether a person is an "employer" under the FLSA. This finding is in line with the determinations of other circuits that "operational control of a corporation's covered enterprise" is necessary for a corporate officer to be an "employer" under the FLSA. Donovan v. Agnew, 712 F.2d 1509, 1510 (1st Cir. 1993).

   Under MWA, an "employer" is "any individual, partnership, association, corporation, business trust or any person or group of persons acting, directly or indirectly, in the interest of an employer in relationship to any employee." 43 P.S. § 333.103(g). There is an absence of any case law, state or federal, illuminating this circular definition. The court finds, however, that it is similarly appropriate to utilize an "economic reality" test to determine whether an individual is an "employer" under the MWA. The parties agree that "operational control" is an important, if not determinative, factor in determining whether a corporate officer is an employer under the MWA. Due to the procedural posture of the case, the court will not embark to further define this statutory term under Pennsylvania law, and concludes that for the purposes of this motion, whether an alleged employer exercises "operational control" is a relevant consideration in

determining whether that individual is an "employer" under the MWA.

Under WPCL, an employer is defined to include "every person, firm or partnership, association, corporation, receiver, or other officer of a court of the Commonwealth and agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 P.S. § 260.2A. The Pennsylvania Superior Court has held that, to hold an officer personally liable as an "employer" under the WPCL, "evidence of an active role in decision making is required." Int'l Ass'n of Theatrical Stage Employees, Local Union No. 3 v. Mid-Atl. Promotions, Inc., 856 A.2d 102, 105 (Pa. Super. Ct. 2004) (quoting Mohney v. McClure, 568 A.2d 682 (Pa. Super. 1990), aff'd, 604 A.2d 1021 (Pa. 1992)).

Under all three statutes, operational control and/or an active role in decision making is required for a corporate officer to be an "employer." In his complaint, Plaintiff has pled allegations that D. Kanefsky was an employer under the FLSA, MWA, and WPCL and that "[a]t all times relevant to the action, Defendant Dean Kanefsky possessed and exercised operational control and policy-making authority over Defendant Corporations and the discount meat/grocery store employees, including but not limited to control and authority over hiring and firing employees, setting employment policies, employee wages and hours, and employee schedules." (Compl. ¶ 16.) The court finds that Plaintiff's complaint sufficiently alleges that defendant D. Kanefsky is an "employer" under the FLSA, MWA, and WPCL. Further, the allegations of Plaintiff's complaint sufficiently state a claim under these statutes against D. Kanefsky. Accordingly, the court denies Defendant's 12(b)(6) motion.

**III.    CONCLUSION**

For the reasons stated above, the court denies Defendants' Motion to Dismiss pursuant to

Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  An appropriate order follows.