IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH PAGAN, on behalf of himself and all others similarly situated,<br>   Plaintiff, | : | |
| v. | : | CIVIL NO. 08-0751 |
| THE NEW WILSON'S MEATS, INC. et al.<br>   Defendants. | : | |

**MEMORANDUM**

**Jones, J.**                                 **September 4, 2009**

  **I.**  **Procedural History**

  On January 23, 2008, Kenneth Pagan (hereinafter "Plaintiff") filed a Class Action Complaint in the Philadelphia Court of Common Pleas, in which he, on behalf of himself and others similarly situated, sought redress for underpayment of minimum wages and overtime pay against The New Wilson's Meats, Inc., Wilson's Outlet II, Inc., Wilson's Famous Blue Ribbon Meats, Inc., Dean Kanefsky, and Leonard Kanefsky (hereinafter "Defendants").[1] The matter was removed to Federal Court, after which time Defendants Wilson's Outlet II, Inc. and Leonard Kanefsky filed an Answer to Plaintiff's Complaint (Doc. No. 2), while Defendants The New Wilson's Meats, Inc., Wilson's Famous Blue Ribbon Meats, Inc. and Dean Kanefsky (hereinafter "Moving Defendants"), filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and

---

[1] Specifically, Plaintiff brought claims under Pennsylvania's Minimum Wage Act of 1968 and Wage Payment Collection Law, as well as the Fair Labor Standards Act.

1

12(b)(6).  (Doc. No. 3)  Inasmuch as Moving Defendants had not yet filed an Answer to Plaintiff's Complaint, their Motion was assessed in the context of a facial challenge to standing and was denied by the Honorable James T. Giles on August 19, 2008.  (Doc. No. 12)  Moving Defendants subsequently filed their Answer to Plaintiff's Complaint (Doc. No. 13) and shortly thereafter, brought the instant Motion.  Several months later, the case was reassigned to this Judge.  Each party was provided with an opportunity to submit supplemental briefing in the form of a Reply and Surreply, and a hearing was held regarding the matter on April 29, 2009.

## II.     Discussion

### A.     Standing

It is well-settled that:

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. N.J. 1977).

Additionally, "[i]n making this assessment, 'the court [is] not confined to allegations in the plaintiff's complaint, but [may] consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction.'" *James S. v. School District of Philadelphia*, 559 F. Supp. 2d 600, 611 (E.D. Pa. 2008)(citation omitted).  Lastly, under Rule 12(b)(1), a '[f]actual evaluation may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed." *Mortensen* at 891.

In this case, Moving Defendants argue that since Plaintiff was only an employee of Wilson's Outlet II, Inc. and Leonard Kanefsky, he lacks standing to bring suit against the entities of The New Wilson's Meats, Inc. and Wilson's Famous Blue Ribbon Meats, Inc., and can similarly not sustain a claim against Dean Kanefsky, as an alleged "employer." (Defs.' Second Mot. to Dismiss, 4.)  In support of same, counsel for Defendants submit affidavits by Dean Kanefsky and Howard A. Drossner.  Dean Kanefsky's Affidavit states in pertinent part that he and his brother, Leonard Kanefsky, are the "sole owners of 100% of the issued and outstanding stock of Wilson Outlet II and The New Wilson's Meats, Inc.." (Defs.' Second Mot. to Dismiss, Ex. B, ¶ 18.) The Affidavit further avers that for accounting purposes, both companies are completely separate corporate entities and that although Dean Kanefsky is the President and Treasurer of Wilson's Outlet II, Inc., he "[p]erforms no operational functions or activities for Wilson Outlet II, Inc., all of which functions are performed by Leonard Kanefsky." (Defs.' Second Mot. to Dismiss, Ex. B, ¶ 20.) In that same vein, Dean Kanefsky states that he has "[n]o involvement whatsoever in the day-to-day activities of Wilson Outlet II, Inc., nor [does he] have any involvement in any employment or payroll activities of Wilson Outlet II, Inc.." (Defs.' Second Mot. to Dismiss, Ex. B, ¶ 20.)  With regard to Mr. Drossner's Affidavit, he avers that his firm does the accounting for Wilson's Outlet II, Inc. and New Wilson's Meats, Inc. and that both entities are accounted for separately.  (Defs.' Second Mot. to Dismiss, Ex. C, ¶¶ 1-3.)  Mr. Drossner further states that Wilson's Famous Blue Ribbon Meats, Inc. is a defunct company and has not been "[a]n active and functioning entity for many years." (Defs.' Second Mot. to Dismiss, Ex. B, ¶ 4.)

Plaintiff refutes these averments by presenting documentation to establish not only that Wilson Outlet II, Inc. and New Wilson's Meats, Inc. are owned by the same two individuals, Dean and Leonard Kanefsky, but that they shared the website of The New Wilson's Blue Ribbon Meats, on which they appeared and advertised together until after commencement of the instant lawsuit.  (Pl.'s Br. in Opp'n to Defs.' Second Mot. to Dismiss, 3-4, Ex. D; Tr. 16:17-21, April 29, 2009.)  Additionally, Plaintiff has provided this Court with documentation from the Pennsylvania Department of State, showing that Defendant Dean Kanefsky is President of The New Wilson's Meats, Inc., is President <u>and</u> Treasurer of Wilson's Outlet II, Inc., and is Vice President of Wilson's Famous Blue Ribbon Meats, Inc., which, contrary to Defendants' assertion, does appear to be an "active" corporation.  (Pl.'s Br. in Opp'n to Defs.' Second Mot. to Dismiss, 3-4, Ex. C; Tr. 16:22-25; 17:1-12, April 29, 2009.)  Further, counsel for Plaintiff has provided an affidavit by Plaintiff, in which he avers that during the course of his employment at Wilson's Outlet II, Defendant Dean Kanefsky asked him to perform job duties at Wilson's Outlet II and "directly supervised" him with regard to those duties. (Pagan Aff. ¶ 4.) In that same vein, Plaintiff states that Dean Kanefsky supervised him in his employment at Wilson's Outlet II, "several times per month" and met with him "[a]fter [he] had completed the job duties to make sure that the tasks had all been done."  (Pagan Aff. ¶ 4.)  Finally, Plaintiff has submitted a copy of the Collective Bargaining Unit Agreement between "New Wilson, Inc., Wilson Outlet II, Inc. and United Food & Commercial Workers Union Local 152."  (Tr. 19:23-24, 20:1-14, April 29, 2009, Ex. P-2.)  Said Agreement was negotiated on behalf of both entities for the employees of both entities, by the manager of Dean Kanefsky's store - - New Wilson's Meats, Inc.. (Tr. 19:23-25, 20:1-14, April 29, 2009.)  Additionally, said document collectively refers to New Wilson,

4

Inc. and Wilson Outlet II, Inc. as the "Employer" - not "Employers."

In their Reply to Plaintiff's Opposition, Moving Defendants do not directly address the averments set forth in Pagan's Affidavit but instead, summarily claim once again that Plaintiff "was never employed by New Wilson's, Wilson's Famous or Dean Kanefsky and therefore has no standing to file and prosecute a case against them, and that Plaintiff was never subject to the control of Dean Kanefsky." (Defs.' Reply Br. 3-4.) However, they do properly point out that: this Court must make an independent determination as to the veracity of Plaintiff's factual allegations; when doing so, it is not bound by Plaintiff's pleadings; and, Plaintiff has the burden of showing that jurisdiction exists. (Defs.' Reply Br. 3-4.) Defendants further remind this Court that "disputed material facts will not preclude the trial court from evaluating for itself the merits of [factual] jurisdictional claims." (Defs.' Reply Br. 3-4.)

As the *Mortensen* Court noted, this Court is "[f]ree to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen* at 891. In addition to listening to and assessing the arguments presented at a hearing in this matter on April 29, 2009, this Court has carefully reviewed all of the documentation submitted by both parties regarding this issue. Upon doing so, this Court is unable to conclude that Plaintiff does not possess standing to bring a claim against moving Defendants. In reaching this conclusion, this Court notes that discovery remains ongoing in this case. If, at the conclusion of all discovery, an issue regarding standing still remains, the court may address same at that juncture. *Id.*

B.  **Dean Kanefsky as Plaintiff's "Employer"**

In addition to the foregoing, Defendant Dean Kanefsky seeks dismissal of the claims against him "[p]ursuant to Rule 12(b)(6) or, alternatively, pursuant to Rule 56," on the basis that he cannot be deemed Plaintiff's "employer" under the federal and state provisions relied upon by Plaintiff. (Defs.' Second Mot. to Dismiss, 8, 11.)

Rule 12(d) of the Federal Rules of Civil Procedure provides that if on a Rule 12(b)(6) motion, "matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Generally, the Court must give notice of its intention to effectively treat a 12(b)(6) motion as one for summary judgment by considering matters outside of the pleadings. In this case, Plaintiff acknowledges the fact that Defendant Dean Kanefsky is seeking summary judgment on the issue of his status as Plaintiff's "employer" and has fashioned his Opposition in light of same. Both parties have submitted documentation outside of the pleadings and a hearing was held on April 29, 2009, during which time, Plaintiff presented further evidence. As such, Plaintiff is clearly on notice of Moving Defendants' summary judgment claim and this Court may therefore convert the 12(b)(6) Motion into one for summary judgment.

The standard for assessing a Motion for Summary Judgment is well-settled:

> A court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court has further ruled that a "genuine" issue exists if "the evidence is such that a reasonable jury could return a verdict for the non-moving party," and a factual dispute is "material" when it "might affect the outcome of the suit under the governing law."

> In considering a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." In a summary judgment motion, the moving party has the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. The party opposing the motion, however, cannot rely merely upon bare assertions, conclusory allegations, or suspicions to support its claim.

*Sentry Select Ins. Co. v. LBL Skysystems (U.S.A.), Inc.*, 486 F. Supp. 2d 496, 506 (E.D. Pa. 2007)(citations omitted).

Defendant Dean Kanefsky asserts that he was not Plaintiff's "employer" and is therefore entitled to judgment as a matter of law. Under Pennsylvania's Wage Payment and Collection Law (hereinafter "WPCL"), an employer is defined to include:

> [E]very person, firm, partnership, association, corporation, receiver, business trust, or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employee, or any agent or officer of any of the above mentioned classes employing any person in this Commonwealth.

43 P.S. § 260.2a.

Under the WPCL, an agent or officer will be held liable as an employer if it can be established that he or she was actively involved in corporate policy-making, such as corporate decision-making or corporate advisement on matters of pay or compensation. *See Tyler v. O'Neill,* 994 F. Supp. 603, 616 (E.D. Pa. 1998). In that same vein, "[t]he definition of an 'employer' under the WPCL has been held to include a corporation's highest ranking officers, because they are the persons who are likely to have 'established and implemented the policy for the non-payment' of the wages and benefits at issue." *Belcufine v. Aloe*, 112 F.3d 633, 635 (3d Cir. Pa. 1997)(citation omitted).[2]

---

[2] *See also Hay Acquisition Co. v. Bhula*, 2004 U.S. Dist. LEXIS 19037, **3-4 (E.D. Pa. Sept. 20, 2004)(President and Chairman deemed positions that naturally call for an active

7

Under the Pennsylvania's Minimum Wage Act of 1968, an "employer" is defined as including "[a]ny individual, partnership, association, corporation, business trust, or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employe." 43 P.S. § 333.103(g).

Broadening the definition of an employer even further, the Fair Labor Standards Act (hereinafter "FLSA") defines an employer as "[a]ny person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C.A. §203(d).[3]

---

involvement in the creation of company policy for purposes of WPLC.)

[3] In reaching his conclusion regarding Defendant Dean Kanefsky's prior Motion to Dismiss, the Honorable James T. Giles reviewed Plaintiff's FLSA claim in the context of an "economic reality" standard:

> This court finds that, to determine whether a "person" is an "employer" under the FLSA, it is also necessary to look at the "economic realities of the relationship." Because the FLSA defines an "employer" in relation to an "employee," the six-factor economic reality test used by the Third Circuit in determining whether an individual is an "employee" is relevant, although not determinative, as to whether a "person" is an "employer." These factors are: 1) the degree of the alleged employer's right to control the manner in which the work is performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; 4) whether the service rendered requires a special skill; 5) the degree of permanence of the working relationship; 6) whether the service rendered is an integral part of the alleged employer's business. ***The court finds that the first factor is of critical importance to a determination of whether a person is an "employer" under the FLSA.*** This finding is in line with the determinations of other circuits that "operational control of a corporation's covered enterprise" is necessary for a corporate officer to be an "employer" under the FLSA.

*Pagan v. New Wilson's Meats, Inc.*, 2008 U.S. Dist. LEXIS 63584, **12-13 (E.D. Pa. Aug. 19,

When initially assessing Plaintiff's pleadings sans the benefit of the oral arguments, documentation or Affidavits now before this Court, the Honorable James T. Giles opined in pertinent part as follows:

> Under all three statutes, operational control and/or an active role in decision making is required for a corporate officer to be an "employer." In his complaint, Plaintiff has pled allegations that D. Kanefsky was an employer under the FLSA, MWA, and WPCL and that "[a]t all times relevant to the action, Defendant Dean Kanefsky possessed and exercised operational control and policy-making authority over Defendant Corporations and the discount meat/grocery store employees, including but not limited to control and authority over hiring and firing employees, setting employment policies, employee wages and hours, and employee schedules." (Compl. P 16.) The court finds that Plaintiff's complaint sufficiently alleges that defendant D. Kanefsky is an "employer" under the FLSA, MWA, and WPCL. Further, the allegations of Plaintiff's complaint sufficiently state a claim under these statutes against D. Kanefsky. Accordingly, the court denies Defendant's 12(b)(6) motion.

*Pagan v. New Wilson's Meats, Inc.*, 2008 U.S. Dist. LEXIS 63584, at **15-16 (E.D. Pa. Aug. 19, 2008).

In order for this Court to grant the relief which Defendant Dean Kanefsky now seeks, it must conclude that no genuine issue exists as to any material fact regarding his alleged "non-employer" status.

Plaintiff was employed by Wilson's Outlet II from June 25, 2007 until September 18, 2007 and claims that during the course of his employment at the Rising Sun Avenue location of Wilson's Outlet II, Dean Kanefsky personally directed him regarding certain job duties and supervised his performance of those job duties, for which Plaintiff was ultimately compensated.

---

2008)(emphasis added)(citations omitted).

From the evidence presently before it, this Court can conclude that factors 1, 2 and 6 have been established.

(Pagan Aff. ¶ 4.)  This supervision occurred several times per month, and included meeting with Plaintiff after Plaintiff had completed the instructed job duties.  (Pagan Aff. ¶ 4.)  In further support of his claims, Plaintiff refers this Court to a Wilson's Famous Blue Ribbon Meats website photograph, which depicts both Leonard Kanefsky and Dean Kanefsky as the owners of New Wilson's Meats and Wilson's Outlet II, collectively.  (Pl.'s Br. in Opp'n to Defs.' Second Mot. to Dismiss, Ex. D.)

Moving Defendants continue to assert that Plaintiff was never employed by The New Wilson's Meats, Inc. and was never on the payroll of The New Wilson's Meats, Inc..  (Kanefsky Aff. ¶4.)   Although Dean Kanefsky states in his Affidavit that he "[p]erform[s] no operational functions or activities for Wilson Outlet II" and has "[n]o involvement whatsoever" with the daily activities, payroll, budgeting or purchasing for Outlet II,  he does not specifically refute Plaintiff's averment that Plaintiff performed work per Dean Kanefsky's directives, while employed by the company for which Dean Kanefsky was corporate President. (Kanefsky Aff. ¶20.)

Additionally, the Pennsylvania Department of State's "Business Entity Filing History" regarding Defendants identifies Dean Kanefsky as President of all three store locations, while Leonard Kanefsky is identified as Vice President for The New Wilson's Meats, Inc.  (Pl.'s Br. in Opp'n to Defs.' Second Mot. to Dismiss, Ex. A.)  As noted hereinabove, the term "officer" is broadly defined to include any person with general jurisdiction over the management of the business, including titles such as President, Vice President and Treasurer.  The fact that both Leonard and Dean Kanefsky hold an officer's title at respective store locations denotes that each individual was actively participating in the policy decisions being made for both stores.

In view of Plaintiff's averments regarding Dean Kanefsky's directives to and supervision of Plaintiff regarding his job duties during the course of his employment at Wilson's Outlet II, Inc., a genuine issue as to material facts exists regarding whether or not Dean Kanefsky did in fact act both directly and indirectly in the interest of his brother Leonard Kanefsky and Wilson's Outlet II, Inc.. In that same vein and based upon the evidence currently before it, this Court cannot conclude that as President and Treasurer of Wilson's Outlet II, Inc., Dean Kanefsky does not perform operational functions for that company. Instead, this Court can only conclude that a genuine issue as to material facts exists regarding the extent of Dean Kanefsky's role as President for Wilson's Outlet II, Inc..

### III.    Conclusion

For the reasons set forth hereinabove, Moving Defendants' Motion to Dismiss on the basis of standing, and Motion for Summary Judgment on the issue of Dean Kanefsky's status as "employer," must be denied. An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones II        J.